UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL ROSARIO,<br><br>    Plaintiff,<br><br>    v.<br><br>MOUNTAIN TOP MARKET; MOUNTAIN TOP MARKET & GAS; PROGRESSIVE GARDEN STATE INSURANCE COMPANY; John Doe 1-10 (fictious names); Jane Roe 1-10 (fictitious names) and ABC Corporation 1-10 (fictitious names),<br><br>    Defendants. | Civ. No. 21-13749 (KM) (JBC)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

    While in San Diego County, California, plaintiff Daniel Rosario suffered an injury while pumping gas at Mountain Top Market & Gas ("Mountain Top Market"). He brought a negligence action in this court, seeking damages. Defendant Mountain Top Market moved to dismiss, arguing that this court does not have personal jurisdiction over it. (DE 10.)[1] In his brief in opposition to Mountain Top Market's motion, Rosario requested that the case be transferred if this court lacked jurisdiction. The Court agrees that personal jurisdiction is lacking, but opts in lieu of dismissal to transfer venue to the U.S. District Court for the Southern District of California.

---

[1]     Certain citations to the record are abbreviated as follows:

    DE = Docket entry in this case

    Compl. = Complaint (DE 1)

    Mot. = Mountain Top Market's motion to dismiss (DE 10)

    Opp. = Rosario's opposition to the motion to dismiss (DE 11)

## I. BACKGROUND

On June 30, 2019, plaintiff Daniel Rosario, a resident of New Jersey, was injured while pumping gasoline on the premises of Mountain Top Market, which is located in San Diego County, California. (Compl. at 2.)[2] He alleges that his unspecified injury occurred because defendant "negligently operated and/or maintained and/or controlled their premises." (*Id.* at 3.)

Rosario filed this case in this court on July 16, 2021. (*Id.* at 5.) In his initial filing, he included Progressive Garden State Insurance Company as a defendant, but agreed to dismiss that defendant. (DE 11, 12.) On August 31, 2021, Mountain Top Market moved to dismiss for lack of personal jurisdiction, but its filing was deficient. (DE 5, 9.) It filed a new motion to dismiss on October 7, 2021, which is now before the court. Rosario filed a brief in opposition in which he argued against dismissal but in the alternative requested transfer to the United States District Court for the Southern District of California. (DE 11.) This motion is now fully briefed and ripe for decision.

## II. STANDARD OF REVIEW

On a Rule 12(b)(2) motion, the plaintiff bears the burden of establishing sufficient facts to show that jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). Initially, a court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff. *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). Where factual allegations are disputed, however, "the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990) (citation omitted). If the district court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

---

[2] I refer to the page number of the complaint because the paragraphs are not numbered sequentially.

**III.   DISCUSSION**

The issue relevant at this stage is whether this court has personal jurisdiction over Mountain Top Market. A federal court may exercise personal jurisdiction over a defendant to the extent authorized by state law. Fed. R. Civ. P. 4(k)(1)(A). New Jersey provides for jurisdiction coextensive with constitutional due process. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. R. 4:4-4). Due process allows for general or specific jurisdiction. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020). Plaintiff does not argue that the Court has general jurisdiction (Opp. at 1), so I focus on specific jurisdiction.[3]

A court has specific jurisdiction when the defendant has sufficient contacts with the forum, and plaintiff's claims "arise out of or relate to" those contacts. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) (citation omitted). To unpack and apply that principle, the Third Circuit uses a three-part test, requiring the plaintiff to show that (1) the defendant purposefully availed itself of the forum, (2) the claims arise out of or relate to at least one of the defendant's forum activities, and (3) exercising personal jurisdiction comports with fair play and substantial justice. *O'Connor*, 496 F.3d at 317.

Plaintiff has alleged no facts whatsoever to show that Mountain Top Market purposefully availed itself of New Jersey. Indeed, Rosario has not alleged that Mountain Top Market has ever had a single contact with New Jersey. Instead, Rosario points out that Mountain Top Market is located on a highway near the border of Arizona and notes that Rosario received treatment

---

[3]   In any event, the Court lacks general jurisdiction over Mountain Top Market. A court may exercise general jurisdiction over a corporation when the corporation has "continuous and systematic contacts with the forum state" such that it is "essentially at home" there. *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016) (en banc) (cleaned up). A corporation is "at home" at least, and usually only, where it is incorporated or has its principal place of business. *Id.* (citation omitted). Mountain Top Market is a company with its principal place of business in California and there is no evidence or even indication it is "at home" in New Jersey.

for his injured foot from a doctor in New Jersey. (Opp. at 2.) Although the potential inconvenience of witnesses is a reasonable concern, it does not create jurisdiction. Rosario has not established that his injury arose out of or related to any contacts that Mountain Top Market had with New Jersey and thus cannot establish that this court has personal jurisdiction over Mountain Top Market.

Where personal jurisdiction is found lacking, simple dismissal is one option. Under 28 U.S.C. § 1631, however, if I find it is in the interest of justice, I may transfer the case to a jurisdiction in which it could have initially been filed. Because Mountain Top Market is located in the Southern District of California and is subject to that court's jurisdiction, this action could initially have been brought there. Both parties have indicated that if jurisdiction is found lacking in this District, they would accept a transfer to the United States District Court for the Southern District of California. (Mot. at 5; Opp. at 2.)

Thus, I find that it is in the best interests of justice to transfer this case to the Southern District of California, rather than dismiss the case.

## IV. CONCLUSION

For the reasons set forth above, I find that personal jurisdiction is lacking. Mountain Top Market's motion to dismiss (DE 10), however, is **DENIED** as presented, and venue of the action is **TRANSFERRED** to the United States District Court for the Southern District of California.

Dated: April 13, 2022

/s/ Kevin McNulty

---

**Hon. Kevin McNulty**
**United States District Judge**